# In The United States District Court For The

# Western District Of Tennessee

Greg Brown,

    Plaintiff,

v.                                **JURY TRIAL DEMANDED**

Officers Of The Desoto County, Mississippi Chancery Court in their official capacities,

Defendants

                                    Defendants,

---

## Complaint

---

Plaintiff, as and for its complaint against Defendants states and alleges as follows:

### A. Parties

Plaintiff Greg Brown

Defendants are the Officers of The Desoto County, Mississippi Chancery Court, Judge Mitchell M. Lundy address P. O. Box 949 Hernando, Ms. 38632, Chancery Clerk Misty Heffner address Clerk office 2535 US-51 Hernando, Ms. 38632, Court Reporter Kimberly B. McDowell address 221 Detton Street Batesville, Ms. 38606, Attorney Derek D. Hopson, Hopson law Group P. O. Box 266, 601 Dr. Martin Luther King Jr. BIVd,

1

Suite A Clarksdale, MS. 38614. Attorney Jerry Wesly Hisaw address 3010 Goodman Road West Horn

LaKe, Ms,38637, Attorney Elizabeth Paige Williams address Williams + Willams 217 Center Street Hernando, Ms. 38632, Court Administrator Melanie Wells address 2535 US - 51 Hernando, M. 38632, Secretary Brandie Correro Williams + Williams 217 Center Street Hernando, Ms. 38638, and Attorney Urua W Mayers address P.O. Box 3013 Memphis Tn. 38173.

## B. Jurisdiction

The Honorable Court has jurisdiction according to 42 U.S.C §1983 which states in parts:

Every person who, under color of any statute, ordinant regulation, custom, or usage, of any State or Territory of the District of Columbia, subject, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated.

While the officers of the court were acting in their judicial capacity the officers of the court's judicial role do not include fraud upon the court. The city of Hernando is not a state it's a municipality therefore, it's a "person" under 42 U.S.C.§1983. c. Will V. Michigan Dept. of State Police 491 U.S, 58 (1989). Then also a declaratory decree was violated. The order of the court violated the plaintiff's fifth amendment right to due process the plaintiff Greg Brown lives in Memphis Tn, and therefore the dishonorable court has jurisdiction in light of Bivens V. Six Unknown 403 U.S. 398 (1971).

## C. Facts

On or about October 14, 2006, Greg and Rhonda Brown (hereinafter sometimes "Plaintiff" or "Rhonda") were legally married in DeSoto County, Mississippi. The couple did not have any children together. In November 2016, the parties separated from each other. Greg was forced from the marital home.

Nearly eighteen (18) months later, on or about April 10, 2018, Rhonda filed for divorce

on the grounds of adultery, alternatively, irreconcilable differences. Therein, Rhonda also requests inter alia, temporary relief. A Rule 81 Summons was issued scheduling a hearing for May 8, 2018.
A Rule 4 Summons was also issued.? In place of the hearing, the parties consented to a continuance of the hearing to June 19, 2018. For whatever reason, that scheduled hearing seemingly never took place.

About a month later, on or about July 9, 2018, Plaintiff's counsel filed a motion seeking a hearing on temporary relief. Upon information and belief, the previous counsel for Defendant advised counsel opposite of her unavailability on the initially proposed hearing date(s). And, on or about July 11, 2018, the previous Defense counsel filed an AnswerS to the Complaint on behalf of Greg. A cursory review of said Answer pieces of evidence that Defendant timely and properly objected to temporary spousal support. Nonetheless, Plaintiff's counsel seemingly and unilaterally scheduled a hearing for July 31, 2018, on Plaintiff's request for temporary relief.

Plaintiff appeared before this Court on or about July 31, 2018, and obtained from this Court an order titled "ORDER ON MOTION FOR TEMPORARY HEARING.

Keep in mind, at this point, Greg is completely unaware that a July 31, 2018 hearin
Further, he has no idea that his attorney was not present at the same!

Sometime later in the Fall of 2018, during a conversation, Rhonda yells at Greg that he has to pay her $2,000 per month. Shocked, Greg attempted to contact the previous attorney but was unsuccessful. In response, he sent her notice of termination. She then moved to withdraw as counsel. On or about November 6, 2018, his previous attorney obtained an order from this Court allowing her to withdraw as counsel for the Defense. There was no process issued requiring Greg's presence on the motion to withdraw. And, Greg was never advised of the hearing or that he had to be present to explain the ordeal.

## RELIEF SOUGHT

The hearing for temporary relief was done in violation of due process and violation of the court reporters act. There is no record or transcripts of the said hearing, in fact, this hearing never took place. The officers of the court conspired together with each other to commit fraud upon the court. This fragile act by the court caused Plaintiff to lose over $2 million in assets in revenue. Plaintiff lost houses, cars, trucks, and trailers. The Plaintiff is suing for loss of revenue pain of suffering emotional distress, hospital bills, and the value of the assets. See exhibit (a)1-5 documents of assets and revenue.

3

1. 4/10/2018; Complaint filed for divorce by Rhonda Brown. Only Rule 81 issued that is documented. The hearing is set for 5/8/2018. Attorney Jerry Westly Hisaw (Rhonda's attorney)

**Special Comments:** I believe Attorney Jerry Westly Hisaw is the lead attorney for the law firm but Paige was assigned to her case. After Elizabeth Paige Williams withdrew from the case, I was given the impression that Mr. Hisaw was hired from a different law firm but was involved since the beginning and was aware of the misconduct of Paige and the other officers of the court. How I found out that Mr. Hisaw was involved from the beginning, I recently received a copy of the docket and he is listed as her attorney. I was originally filed for adultery but, Attorney Williams and Attorney Hopson, through discovery, found out that Rhonda misled the court and had unclean hands.

**See Exhibit (1): Copy of Complaint filed.**
**PERSONAL COMPLAINt TO ATTORNEY HOPSON:** (Only a professional manipulator is known as a "Puppet
Master" can violate the courts this way). I will show you a specific violation of misconduct by Attorney Hopson using the court's process to use the pleadings approved by the Supreme Court of Mississippi that Attorney Hopson used as instruments of fraud on the court.

   a. Attorney Hopson had the opportunity in his initial rule 81 Summons appearance before the court. He had a chance to file counterclaims and pleadings as his professional experience dictated. Instead after recognizing the misconduct of the officers of the court, which included Judge Lundy, The Administrator, Attorney Mayers Attorney Williams, and Attorney Hisaw, and for a lack of understanding of who she is, Bar numberless, Brandie Carroro, Attorney Hopson intentionally did not file the rules of discipline number 4; (a) (b); mandatory process complaints as instructed and approved by the Supreme Court of Mississippi and the People. Instead, he chose to initiate fraud upon the court by utilizing numerous pleadings, filing fees, court personnel time, manipulation of other attorneys, and cover-ups through Memorandums to the Judge to manufacture pleadings for profit to himself that violates the open process designed for the layman. The list includes:

- Attorney Hopson, on April 10, 2019, made the first attempt to file pleadings he noticed that Attorney Mayers did not file that had been complained about by me numerous times.

- Attorney Hopson had done complete, professional research. He filed a motion to amend Attorney Urura's Answer to the Complaint to Divorce, 60 days late, and substantially incomplete.

- Attorney Hopson filed a court pleading to amend the pleadings to conform to his and Attorney William's professional discovery.

- Judge Lundy with full knowledge, of the contents of discovery from both sides, allowed Attorney Hopson to enter amended pleadings without evidence of discovery and false information into the records.

I BELIEVE THAT JUDGE LUNDY, ATTORNEY WILLIAMS, AND ATTORNEY HOPSON WERE WORKING TOGETHER TO USE THESE PLEADINGS AS AN INSTRUMENT OF FRAUD BY ENTERING THEM IN THE RECORDS TO LATER GO BACK AND CLAIM FAMOUSLY THAT I KNOWINGLY FORGAVE THESE VIOLATIONS OF INJURY TO MYSELF AND THE PEOPLE OF MISSISSIPPI IN AN AGREEMENT THAT I DID NOT KNOW ANYTHING ABOUT. A SPECIAL NOTICE, I SWEAR ON PENALTY OF PURGERY THAT 2022 IS THE FIRST TIME I EVER NOTICED THESE PLEADINGS OR HEAD OF THEM EXISTING. AFTER I INFORMED EVERYONE THAT I NEEDED TO GET AN UNDERSTANDING OF WHAT WAS GOING ON IN THIS CASE. FURTHERMORE, I WAS NOT MADE AWARE AT ANY TIME THESE DOCUMENTS EXISTED. I HAVE COMPLAINED NUMEROUS TIMES UNDER EXTREME DURESS TO ATTORNEY HOPSON AND THE OFFICERS OF

THE COURT THAT SOMETHING IS WRONG. AS A CONSEQUENCE, JUDGE LUNDY, PAIGE WILLIAMS, PERSONAL CONTACTS, RHONDA, MY FREEDOM HAS BEEN THREATENED IN A FRAUDULENT WAY UTILIZING THE COURT CIVIL AND CRIMINAL CONTEMPT PROCESS OF SPECIAL NOTE.

#* IT IS MY WISH THAT COMPLAINT COUNSEL INITIATE THE MOST SERIOUS DISCIPLINARY PROCESS THAT CAN BE PUT FORWARD BY THE MISSISSIPPI STATE SUPREME COURT, WHO I READ SOMEWHERE, IS THE HEAD OF A SELF-DISCIPLINARY PROCESS. I BELIEVE THIS RISES TO THE NATURE OF A CRIMINAL INVESTIGATION AND PROSECUTION BECAUSE IT WAS A MALICIOUS ATTEMPT UTILIZED IN THE PLEADINGS TO DEFRAUD THE PEOPLE OF THE STATE OF MISSISSIPPI. I BELIEVE THE OFFICERS OF THIS COURT IN THIS CASE INTENTIONALLY VIOLATED MY US CONSTITUTIONAL AND MISSISSIPPI CONSTITUTIONAL RIGHTS TO LIFE LIBERTY AND PROPERTY. I BELIEVE THE OFFICERS OF THIS COURT SEE THEMSELVES AS GREATER THAN EQUAL TO OTHER PEOPLE. I BELIEVE THAT THE OFFICERS OF THIS COURT ARE MENTIONED IN THIS COURT, ESPECIALLY, JUDGE LUNDY, HIS ADMINISTRATOR, ATTORNEY WILLIAMS, ATTORNEY MAYERS, ATTORNEY HOPSON AND ATTORNEY MISAW. SEE PEOPLE LIKE ME, AS LESS THAN EQUAL TO OTHER PEOPLE. THAT IS WHY I BELIEVE THEY USED THE SYSTEM AS AN INSTRUMENTAL FRAUD TO TORMENT ME FOR FOUR YEARS! I BELIEVE AS ATTORNEY HOPSON STATED, THAT THE PEOPLE OF MISSISSIPPI TAKE CRUEL AND INHUMANE TREATMENT VERY SERIOUSLY. AS ATTORNEY HOPSON STATED IN HIS PLEADINGS, WITH JUDICIAL CITATIONS TO SUPPORT IT. BUT I

BELIEVE THE OFFICERS OF THIS COURT, WHEN THEY SEE ME, AND PEOPLE LIKE ME, THINK THIS DOESN'T APPLY TO US. I HAVE NO WEAPON SUPPLIED TO ME FINANCIALLY BIG ENOUGH TO FIGHT THE COURTS BATTLES. IT IS MY WISH THAT PEOPLE ARE HIRED BY THE PEOPLE AND PAID BY THE PEOPLE FINANCIALLY TO FIGHT THESE EVIL DOERS.

2. 4/11/2018; Divorce filing fee

**Special Comments:** Filing fee of $147 paid by check from Williams and Williams account. Does this account contain the retainer that was saved for an entire year before filing the divorce as stated by Rhonda Brown during discovery?

**See Exhibit (2): Rule 81 Summons;**

**See Exhibit (3): Complaint for Divorce; Page 4 item g**

3. 5/8/2018; Order continuing Rule 81 Hearing with no complications. It was reset for 6/19/18.

4. 6/25/18 NOTICE OF SERVICE of Interrogatories Propounded, NOTICE OF SERVICE of Request for production of Documents Propounded to Greg by Rhonda

**Special Comments:** On this date, 6/25/18, Paige Williams stated that she sent the Interrogatories, and the notice for the production of documents was filed on the MEC. Also stated that she forwarded these documents to Urura Mayers. I believe the verbiage "forwarded" means she sent it via email. **PAIGE WILLIAMS KNEW THAT URURA MAYERS WAS NOT ON THE MEC ON THIS DATE. That is the reason she forwarded it to her via email.** This is a violation of the Mississippi rules and

procedures. This is an intentional violation of the rules of professional conduct by being misleading about using emails and not using the court clerk's office.

5. 7/09/18; Rhonda filed a Motion for Temporary Relief for allegedly being laid-off

**Special Comments: RECORDS WILL SHOW, SHE AVERAGED $68,000 PER YEAR BETWEEN 21
2018 WAS VERIFIED DURING DISCOVERY BY ATTORNEYS WILLIAMS AND HOPSON. SHE SPECIFIES A NEED FOR FUNDS. SHE SPECIFIED TEMPORARY ALIMONY AS PUNISHMENT FOR AI ATTORNEYS WILLIAMS AND HOPSON COMMITTED MISCONDUCT BY HIDING THIS INFORMA FROM ME AND THE COURTS. ATTORNEYS WILLIAMS AND HOPSON FILED FURTHER PLEAS MISLEADING THE COURT ABOUT THESE FACTS TO CREATE RHONDA A NEW SALARY HISTORY.**

**See Exhibit (4) Responses and Motion for Production of Interrogatories.** Urura violated the rules of professional conduct by lack of professionalism by not answering the request properly and on time requested by Attorney Williams. These interrogatories were originally supposed to have been done by Attorney Mayers, resulting in me having to pay Attorney Hopson for the work already paid for with Attorney Mayers. It was a violation of Rule #4, Rules of discipline, and the code of professional conduct for Attorneys Williams and Hopson by not reporting the lack of professionalism and conduct by Attorney Mayers. This is also judicial misconduct and misconduct by Judge Lundy and his administrator for not reporting to the complaint counsel the lack of professionalism and misconduct by Attorney Mayers and Attorney Williams.

**ALL OFFICERS OF THE COURT MENTIONED IN THIS COMPLAINT AT THIS TIME CAUSED ME INJURY A COST ME DAMAGES BY TAKING ADVANTAGE OF ATTORNEY MAYERS LACK OF PROFESSIONALISM.**

6. 7/11/18; Answer to Complaint for Divorce by Greg Brown

**Special Comments:** Three months after the original complaint was filed, Attorney Mayers filed an answer to the original complaint. Attorney Mayers, during her unprofessionalism, was being walked through the process by Jane Doe **(Brandi Carraro; What is her Bar #?)** through an email to the judge's administrator titled

8

Lundy@dixie-net.com. Urura or no one else knows who Brandi Carraro is or what is a dixie.net. I believe dixle.net is a network that works alongside the official court clerk's office. I believe that the official court clerk's office is very professional and doesn't need a substitute for what they do. I believe that this network is a shadow network intentionally created to manufacture fraud upon the court. Brandi aka Jane Doe, mentions someone named Melony, Paige Williams, Urura, and Lundy in her correspondence. Whoever the author is of the Brandi Carraro-generated messages, is the creator of the email filing of the notice of the allegedly missed court appearance to illegally obtain an order for temporary relief. I believe the officers of the court collaborated in using this network to cover up the misconduct that resulted from not notifying the complaint counsel as the supreme court has instructed. I believe this has caused me substantial emotional injury, loss of time, and loss of finance. The court administrator and the judge had noticed these emails and knew that I was being injured by this form of communication. Everyone involved in this case including Attorney Hopson knew about the misconduct and the injuries that I suffered through the manipulation and the abuse of the court system. This will be described in detail in Attorney Hopson's memorandum, also known as Public Notice #1. The emails through Lundie@dixie-net.com are proof that the officers of the court were using email to circumvent the professionalism of the clerk's office. The Mississippi Rules of Civil Procedure require the Order for Setting to be submitted through the Court Clerk's Office which would have made sure one knew of the court date and a proper record of the misconduct between the attorneys would have been recorded and a complaint filed through the complaint counsel as described by the disciplinary rules by the court clerk.

See Exhibit (5) MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE, ALTERNATIVELY, TO RECONSIDER ORDER ON TEMPORARY SUPPORT

**Sample of MEC Filing by Court Clerk**

7. 8/2/2018; Order settling 8 Motion for Temporary Relief

Judge Lundy signed an order for the Request of the Temporary Relief on Rhonda's behalf.

**Special Comment:** The court administrator and Judge Lundy noticed that the setting order had been done and signed by him. The administrator noticed that Attorney Mayers and I were not present unclear to this day, who was present. The Judge, the Administrator, Attorney Williams, and Rhonda knew that I had a 15-year-old daughter that was not considered. The judge did not have financial statements for the past three years in his presence. I don't know if he asked for the documents bi know they knew about my daughter. In the court records, it's established that my name alone was called three times in the hallway. Attorney Mayers and my contact information are in possession court administrator and the clerk's office. I believe Attorney Mayers does not practice in the state of Mississippi even though she is privileged to do so. Attorney Mayers made no efforts to clarify a misunderstanding with this court before this hearing. Attorney Mayers did not file any complaint to anyone about the violation of my rights. Attorney Mayers did not file any complaints with the Ba Association or the Complaint Counsel about the misconduct of Attorney Williams. Judge Lundy o administrator did not file any notice to anyone till this day regarding the mistake of not following the and submitting the signed setting order with the clerk's office. Judge Lundy or the Administrator day, has not reported to complaint counsel about the misconduct of

attorneys in this case. To this day, Judge Lundy allowed Attorney Mayers to appear and withdraw from this case without inquiring about her whereabouts on this day of this hearing.

8. 10/22/2018; Motion to Withdraw as Attorney by Defendant Greg Brown

**Special Comments:** Attorney Mayers stopped working on this case after she filed the answer
July 11, 2018, despite being misleading about being available July 31, 2018.

Attorney Mayers never made me aware of a conflict about that hearing before it happened.

Before and after the order was signed, Attorney Mayers did nothing to help me bring light to this issue.
Attorney Mayers was hard to get in touch with it. In conclusion about this court appearance with Attorney Mayers, as a result of the injury that I sustained, the complaint counsel will notice Attorney Mayers had to be notified on the 9th of July that she had interrogatories and other matters that required her professional attention in this case. I believe Attorney Mayers was not only unavailable for the July 315t hearing but she was not available to receive the Interrogatories and Productions because she was never active in MEC. I had to discharge Attorney Mayers from my case because she refused to take responsibility for her actions. She never offered a formal apology or a refund for services she did not provide which I am formally requesting.

9. 11/9/2018; Motion of Contempt by Rhonda Brown

**Special Comments:** This is when I discovered that the hearing had been set for July st". this was o contempt filed by Rhonda and she informed me that I missed the July 31st appearance. I informed her that I did not know about the hearing on this date. She stated that she had won the order for me to give her "her" money. This is also judicial misconduct by Judge Lundy and professional misconduct by Attorney Williams and the Court Administrator. As a result, I suffered having my freedom threatened and Rhonda contacting me and emotionally abusing me and my having to hire and pay someone else to help me solve this matter which was Attorney Hopson. Upon research, I found someone who was experienced in history as a judicial officer and I paid a retainer of $3,500 cash.

10. 01/22/2019 -Notice of Appearance by Derek Hopson, Sr. on behalf of Greg Brown

**\*\*Special Comments:** I retained Attorney Hopson who did a thorough investigation and realized that there was a network operating alongside the court system that violated

Mississippi Rules of Civil Procedure, Mississippi Rules of Conduct, and Mississippi Discipline. All of which ended up constituting fraud upon the court. Attorney Hopson used the discovery of this information to manipulate other officers of the court for his gain against me. Attorney Hopson withheld a substantial amount of not only improper dealings regarding me but, fraud upon the court. The use of this information, the way Attorney Hopson did it, caused multiple pleadings to be filed and hearing to be heard unnecessarily and illegally. Attorney Hopson, in his memorandum, stated Rule 60 as a reasonable setting aside the order but he also noticed the other violations Rule 60 covered:

**Misrepresentation**
**Fraud**

### Fraud upon the Court

Attorney Hopson observed that fraud upon the court was done through emails by lundy@dixie-net.com to intentionally cause one party to miss a hearing. Attorney Hopson, in the memorandum, cited in his investigation that no setting order had ever been submitted to the court or circulated to anyone.

**EVER** Furthermore, Attorney Hopson never revealed his research or his findings submitted to the court in this memorandum. I sustained substantial injuries and damages from this concealment. Attorney Hopson at this point established himself as the Puppet Master. Attorney Hopson used his experience and knowledge of the judicial system to act as a **COMPLAINT COUNSEL**. Attorney Hopson, in the memorandum, allowed the court officers to act as their disciplinary committee. I did not have options presented to me about this matter. As a result, Attorney Hopson along with Attorney Williams followed professional procedures and notified Rhonda Mabry of the obtainment by a border illegally. Attorney Hopson noted in his memorandum that he communicated with all the attorneys involved in this case along with supporting legal arguments from the courts that this was misconduct by everyone involved specifically. All of the officers in the court mentioned in this complaint have been notified of their professional obligation to the court and their separate duty to me in this case. They chose to cover up and proceed with the abuse of the court system and separately, myself. As a result, Attorney Hopson and Paige committed fraud upon the court by personally overseeing discoveries and withholding the discoveries, and using the witness stand against me in the court process to create new histories about relevant information that they knew was false. Specifically, during discovery, Attorney authored the questions to be asked and Attorney Williams personally submitted the responses to

12

those questions about the property. During these proceedings, the officers of this court involved in this case orchestrated agreements for irreconcilable differences in this agreement.

11. 1/27/2019; Motion to Set Aside 11 Order on Motion for Temporary Relief Erroneously titles "ORDER ON MOTION FOR TEMPORARY HEARING. On this date, Attorney Hobson filed this motion under Rule 60b.

**\*Special Comments:** Attorney Hobson filed a motion to set aside but never gave me options and never gave me a complete description of his research investigation. I recently requested for Attorney Hobson to provide me with a complete file so that I can get an understanding of what's going on. I noticed instantly that there were inconsistencies between what I had been asking him to provide and what he provided to me. Which was concealment and misrepresentation of substantial information.
Attorney Hopson kept telling me via email that I was just disappointed about the orders and the representation from the attorneys. However, I was asking about an order to inventory my property from Attorney Mayers and Attorney Hobson. Attorney Hobson kept telling me to hold up on that.
Attorney Hobson never revealed to me that he found misconduct and violations of rules and discipline.
He substituted this by attaching a memorandum instead of fulfilling his obligations in reporting these matters to the Complaint Counsel. Instead, I believe this is just a public warning to hide it in plain view of court records and to manipulate the other officers involved in this case. Furthermore, use this time to clear Attorney Mayers of any wrongdoing. Instead of reporting her to Complaint Counsel, and giving me the option to take further actions to receive a refund and report misconduct myself. **If this is not a violation of the rules of professional conduct, and the Supreme Court's privilege to practice law in the state of Mississippi, then nothing is. THIS IS A BLATANT VIOLATION OF FRAUD ON THE COURT WHICH IS ONE OF THE OPTIONS IN RULE 60.**

12. 1/28/2018; The memorandum was added as a miscellaneous document and never given to me.

13. 1/30/19; Civil and Criminal Contempt Motion

**\*\*Special Comments:** Attorney Williams, after obtaining facts from a credible source that I did not violate the court's authority, Attorney Williams committed misconduct by requesting that I be incarcerated for civil and criminal contempt.
Attorney Williams knew at that time that I meant no disrespect to the court. I was simply trying to research and file the necessary documents to protect my freedom. I believe that Attorney

13

Williams was simply doing this as malicious prosecution for Rhonda Mabry and it caused me mental and emotional distress. THIS IS MALICIOUS PROSECUTION.

15. 4/8/2019; FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FC OTHER RELIEF

**Special Comments: Attorney Hobson, (also known as "The Puppet Master"), see paragraph 1.

16. 11/3/2020; Attorney Hopson, intentionally violated the law by having me sign a son that he presented as a court date about my property. I was misled into agreeing on wit to sign documents I did not know their meaning other than we would get the r resolved and will get my property that's missing and addressing paperwork about ti my property.

17. What I am about to do is explain an intentional violation of my rights and humanity. The violations I am about to describe, can not be paid for by myself or any other people in this predicament. From April 8, 2019, until the trial that began on November 4, 2020, the officers of the court, along with the plaintiff, counter defendant, began to weave a web of confusion, misleading's and cover-ups violations of the **oath**;

The US Constitution
Mississippi State Constitution
Mississippi Rules of Civil Procedure
Mississippi State Bar
Rules of Professional and Judicial Constitution
Mississippi Rules of Discipline
Mississippi Rules of Criminal Procedure

These violations were covered up using memorandums, pleadings, and court p fraud and criminal behavior. Attorney Hopson, through his expertise, is matter to perform the duties of a proper professional authority, which he knows, Vio specifically, had Judge Lundy sign an order to clear himself and every other case of criminal, civil, and any wrongdoing noted under the laws of the state country as a whole. Attorney Hopson misled the court by criminally, using his record and contacting the Supreme Court of Mississippi, and presenting information true. Attorney Hopson has already illegally got Judge Lundy to sign an order of a blank check for being misleading about services rendered. It is criminal to intentionally delay a case to create financial gain for himself and a judge to be allowed to persecute a case. It is the job of the complaint counsel to investigate officers of the court and not require me to find another attorney to pay to wish that the complaint counsel investigates the misconduct that I am reporting on the dates of 4/8/2019 when the counterclaim was filed on my behalf and no reason to withdraw my original claims. Due to the legal expertise officers have in the Mississippi court systems, they have been afforded to cover them up at a level of someone like the complaint counsel can unravel very serious matters and issues that the complaint counsel and the Tenne have been working on regarding Attorney Mayers. Matters of misconduct also affected my case negatively.

Threatned my freedom

Illegally caused me to waste financial resources

Attorney Mayers unprofessional conduct withheld from me

I lost faith in the court system

I had to hire another attorney to fight for my freedom for no reason. At this time, I could not locate my property

I was misled at that time by court officers about what was going on

18. Document: SUPERSEDES APPEAL BOND Posted by GREG BROWN, Not approved (Attachments: # 1 Exhibit A,) (Patrick, Susan) (Entered: 08/25/2021).

**\*\* Special Comments:** This was not the Judgement from 2019. This document was manufactured to mislead the court which is a fraud the court. This was not the judgment from the July 31st contempt hearing that Attorney Williams filed and that Judge Lundy ordered. This was only an order for temporary spousal support. Attorney Hisaw has committed misconduct by intentionally misleading the court and aiding other officers conducting misconduct by helping to cover it up

19. Document 107: (Court only) COURT REPORTER'S APPEAL TRANSCRIPT for Appeal to Mississippi
Supreme Court (McDowell, Kimberly) (Entered: 09/14/2021)

**\*\*Special Comments**: Attorney Hobson clearly stated in the beginning clarifying what we were here for that day. Judge Lundy appeared to be unaware of the contents of an agreement that was a contract. This was an illegal contract that had been signed preventing me from using the legal system to protect my rights which was an attempt to use the pleadings and the court system as an illegal malicious prosecution by Attorney Paige Williams for Rhonda Maybry to cover up criminal activity of their own. This transcript will identify misconduct and criminal activity following the signing of this document. Attorney Williams and Judge Lundy signed the other documents agreeing to the documents and went against what they, along with the other officers along with this case, misled me into signing. The transcript will show as evidence, also, Paige Williams described someone illegally stalking me. This transcript also demonstrates she knowingly attempted to intimidate and emasculate me as a means of retaliation. Lastly, this transcript is evidence that testimony has been intentionally deleted that describes a lack of inventory that was requested for my property during the time that Attorney Urura Mayers and Attorney Hobson began on the case. Evidence that also shows why

15

knowingly attempted to intimidate and emasculate me as a means of retaliation. Lastly, this transcript is evidence that testimony has been intentionally deleted that describes a lack of inventory that was requested for my property during the time that Attorney Urura Mayers and Attorney Hobson began on the case. Evidence that also shows why Attorney Williams intentionally did not file a preliminary injunction when she originally filed the complaint for divorce to mislead the court about criminal activity during the time she was retained by Rhonda, at the time, Brown, over a year before the divorce proceedings were filed.

### Count 1- Fraud Upon The Court

The Court initiated a hearing without serving the proper notice upon the plaintiff. The Court issued an order from a hearing that never took place.

### Count 2 – Theft of Property

On February 18, 2022, The Court of Appeals issued a refund check to the Hopson Law Group on behalf of the Plaintiff's refund appeal in the amount of $1,322.00 for the payment of appeal filing fees which the Plaintiff paid in full. The Plaintiff never received this money and the check was cashed by someone representing the Hopson Law Group. This constitutes theft of property because this money was deemed to be returned to the Plaintiff.

WHEREFORE, the Plaintiff requests the following relief:

    The Plaintiff requests that return of all assets, compensation for loss of revenue, return of all attorney fees, and compensation for pain and suffering in the total amount of $5 million dollars.

Date: 1/29/2023                                           Greg Brown

                                                          4128 Glenbrook

                                                          Memphis, Tn. 38109

                                                          *Greg Brown* (signature)

If you do complete and return this form, you (or the party whose behalf you are behalf you are being served) must answer the Complaint within 60 days from the date this request for waiver was sent to you (or 90 days if it was sent outside the United States). If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

I, declare, under penalty of perjury, that this Request For Waiver of Service of Summons and Complaint was mailed on 1/20/2023.

*Greg Brown*

GREGORY BROWN

4128 GLENBROOK

MEMPHIS, TENNESSEE 38109

DATE OF SIGNATURE: 1/20/2023


**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

**I DECLARE, UNDER PENALTY OF PERJURY, THAT I RECEIVED A COPY OF THE SUMMONS AND COMPLAINT IN THE ABOVE-CAPTIONED MATTER BY MAIL AT:** _____

_____

I have received your request to waive service of a summons in this action along with a copy in the Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I, understand that I, or the entity I represent, will keep all defenses and objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent. /s/

*Greg Brown*

GREGORYBROWN
date: 1/20/2023

2