## In The United States District Court For The

## Western District Of Tennessee

Greg Brown,

    Plaintiff,

v.                                          CIV.NO.2:23-cv-02027-SHM

Officers Of The Desoto County, Mississippi Chancery Court in their official capacities,

Defendants

**RECEIVED**

FEB 1 0 2023

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN. Memphis

---

# MOTION FOR STAY OF THE PROCEEDINGS TO INFORCE A JUDGEMENT PURSUANT TO RULE 62(a) OF FEDERAL RULES OF CIVIL PROCEDURES

---

### A. INTRODUCTION

Now comes the plaintiff Greg Brown in a request of this honorable court to grant this motion for a stay of the proceedings, pursuant to the federal rules of civil procedures rule 62(a) the plaintiff makes this request in good faith. Therefore the Plaintiff request that this honorable court order the lower courts to stay all the proceedings under case #

1

18-cv-00647 IN THE CHANCERY COURT OF DESOTO COUNTRY, MISSISSIPPI due to a conflict of interest with results into complete miscarriage of justice. The plaintiff has a rule 60(b) motion attacking the judgment. Rule 62(a) the court to stay the proceedings pending disposition od the motion. See Sterling Indus.Corp. v. Telephone,Inc. 484 F.Supp. 1294 (6th cir.1980).

## B. Jurisdiction

Rule 62 (a) of the federal rules of civil procedures states as follows:

(a) (a) Automatic Stay. Except as provided in Rule 62(c) and

(d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise. See Johnson v. City of Memphis No.00-2608-STA-TMP(6th cir.2013)

## C. Facts

On or about October 14, 2006, Greg and Rhonda Brown (hereinafter sometimes "Plaintiff" or "Rhonda") were legally married in DeSoto County, Mississippi. The couple did not have any children together. In November 2016, the parties separated from each other. Greg was forced from the marital home.

Nearly eighteen (18) months later, on or about April 10, 2018, Rhonda filed for divorce on the grounds of adultery, alternatively, irreconcilable differences. Therein, Rhonda also requests inter alia, temporary relief. A Rule 81 Summons was issued scheduling a hearing for May 8, 2018.
A Rule 4 Summons was also issued.? In place of the hearing, the parties consented to a continuance of the hearing to June 19, 2018. For whatever reason, that scheduled hearing seemingly never took place.

About a month later, on or about July 9, 2018, Plaintiff's counsel filed a motion seeking a hearing on temporary reliief. Upon information and belief, the previous counsel for Defendant advised counsel opposite of her unavailability on the initially proposed hearing date(s). And, on or about July 11, 2018, the previous Defense counsel filed an AnswerS to the Complaint on behalf of Greg. A cursory review of said Answer pieces of evidence that Defendant timely and properly objected to temporary spousal support. Nonetheless, Plaintiff's counsel seemingly and unilaterally scheduled a hearing for July 31, 2018, on Plaintiff's request for temporary relief.

Plaintiff appeared before this Court on or about July 31, 2018, and obtained from this Court an order titled "ORDER ON MOTION FOR TEMPORARY HEARING.

### D. Argument

In January of 2023, the officers of the Desoto County, Mississippi Chancery Court were named in a lawsuit in the Western District of Tennessee Federal Court. The judge in other offices is the base of this suit. The matter of case # 18-cv-00647 is still an open case as of today. Judge Mitchell M . Lundy is the sitting judge in this matter. the plaintiff has alleged that the lower court of Mississippi committed fraud against the plaintiff. To allow this judge to sit in any of the proceedings under this case # would be a conflict of interest and a violation of due process.

The Federal Rules a civil procedure rule 62(a) allow this honorable court to stay the proceedings of the lower court to prevent a further violation of due process. Amended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay. One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated. Similarly, it may be important to allow immediate enforcement of a judgment that does not involve a payment of money. The court may address the risks of immediate execution by ordering the dissolution of the stay only on condition that security is posted by the judgment creditor. Rather than dissolve the stay, the court may choose to supersede it by ordering a stay that lasts longer or requires security.  See Maylor Medical Sales Rentals v. Invacare Cont. Care No. 209-cv-2344-STA(6th cir.2011)

The judgment in questioning is based on a fragile record. The court ordered the Plaintiff to turn over his assets and to make $2000 a month payments to his wife in a divorce settlement. The record would show that the plaintiff was never given proper notice of this court date and hearing. The record would also show that no such hearing took place. The court committed fraud as a violation of due process for failure to give notice. The Plaintiff requests that the honorable court order the lower court of Mississippi to stay all further proceedings under case # 18-cv-00647 until this honorable court has ruled in this civil matter see exhibit (a) MOTION FOR FRAUD ON THE COURT filed by Attorney Derek Hopson. See Long v. Robinson, 432 F. 2d 977 (4th Circuit, 1970)

3

## Conclusion

Based on the foregoing the plaintiff request that this Honorable Court grant the motion to stay the proceedings in the lower court pending the disposition of the Rule 60(b) motion (doc #23)or the disposition of this civil matter pursuant to Rule 62(A) of the Federal Rules Of Civil Procedures.

## Certificate Of Service

I Greg Brown hereby certify that a copy of this petition was sent via first class mail, postage prepaid, using the United States Service to the following:

Judge Mitchell M. Lundy P.O. Box 949 Hernando, Ms. 38632 Chancery Clerk Misty Heffner address Clerk office 2535 US-51 Hernando, Ms. 38632, Court Reporter Kimberly B. McDowell address 221 Detton Street Batesville, Ms. 38606, Attorney Derek D. Hopson, Hopson law Group P.O. Box 266, 601 Dr. Martin Luther King Jr. Blvd, Suite A Clarksdale, Ms. 38614. Attorney Jerry Wesley Hisaw addresses 3010 Goodman Road West Horn Lake, Ms, 38637 Attorney Elizabeth Paige Williams addresses Williams + Williams 217 Center Street Hernando, M. 38632, Court Administrator Melanie Wells addresses 2535 US-51 Hernando, Ms. 38632, Secretary Brandie Correro Williams+Williams 217 Center Street Hernando, Ms. 38638, and Attorney Urua W Mayers address P.O. Box 3013 Memphis Tn. 38173.

Date: /  /2022

Respectfully Submitted

*Greg Brown* (signature)

Greg Brown