**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**GREG BROWN,**

**Plaintiff,**

**v.** **No. 2:23-cv-02027-SHM-atc**

**OFFICERS OF THE DESOTO COUNTY, MISSISSIPPI CHANCERY COURT; JUDGE MITCHELL M. LUNDY; MISTY HEFFNER; KIMBERLY McDOWELL; DEREK D. HOPSON; JERRY WESLEY HISAW; ELIZABETH PAIGE WILLIAMS; MELANIE WELLS; BRANDIE CORRERO; and URUA W. MAYERS,**

**Defendants.**

---

**ORDER AND REPORT AND RECOMMENDATION ON PENDING MOTIONS**

---

On January 20, 2023, Plaintiff Greg Brown filed a *pro se* complaint against "Officers of the Desoto County, Mississippi Chancery Court in their official capacities, Defendants." (ECF No. 1, at 1.) The complaint further identified the Defendants as Judge Mitchell M. Lundy, Mississippi Chancery Court; Misty Heffner, Chancery Clerk; Kimberly B. McDowell, court reporter; Derek D. Hopson, attorney; Jerry Wesly Hisaw, attorney; Elizabeth Paige Williams, attorney; Melanie Wells, court administrator; Brandie Correro, secretary; and Urua W. Mayers, attorney. (*Id.* at 1–2.)

On February 10, 2023, Brown filed a Motion for Stay of the Proceedings to Inforce [sic] a Judgment Pursuant to Rule 62(a) of Federal Rules of Civil Procedures [sic], asking this Court to stay proceedings in Case No. 18-cv-00647 in the Chancery Court of DeSoto County,

Mississippi (the "Mississippi Case"). (ECF No. 13.) The same day, Brown also filed a motion requesting discovery of all documents and records in the Mississippi Case. (ECF No. 14.) No Defendant has filed a response to either of these motions.

On February 14, 2023, Heffner filed a motion to dismiss the complaint. (ECF Nos. 16, 17.) On February 15, 2023, Lundy, McDowell, and Wells filed their own motion to dismiss. (ECF Nos. 18, 19.) On February 21, 2023, Hisaw did the same. (ECF No. 20.)

Brown filed an amended complaint on March 10, 2023. (ECF No. 30.) The amended complaint identifies only Heffner, Wells, Correro, and Mayers as Defendants.

On March 17, 2023, Heffner filed a subsequent motion to dismiss (ECF Nos. 35, 36, 37), as did Hisaw on March 21, 2023 (ECF No. 39), and Lundy, McDowell, and Wells on March 27, 2023 (ECF Nos. 40, 41). On March 29, 2023, Elizabeth Williams and Brandie Correro filed their own motion to dismiss (ECF Nos. 42, 43), as did Hopson on April 3, 2023 (ECF No. 44). Brown has not filed a response to any motion filed by any Defendant, and his time to do so has long since passed. The Record provides no indication that Mayers has been served in this case, and she has not appeared.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

**PROPOSED FINDINGS OF FACT**

Brown's claims arise from his divorce proceedings in the Mississippi Case. He alleges that his wife, Rhonda Brown, filed for divorce on April 10, 2018. (ECF No. 1, at 2–3.) At some point, Ms. Brown filed a motion seeking "temporary relief," apparently in the form of payments from Brown of $2,000 per month. (*Id.* at 3.) Brown alleges that, on July 31, 2018, the

Mississippi Chancery Court held a hearing on her motion (though, elsewhere, he alleges the hearing never occurred at all), and the court subsequently entered an order requiring the payment. (*Id.*) Brown alleges that he received no notice of the hearing and only later learned of it when Ms. Brown demanded payment from him. (*Id.*)

Brown directs his claims at the Chancery Court judge, clerk, and staff (Lundy, Heffner, Wells, and McDowell); Ms. Brown's attorneys and staff (Hisaw, Williams, and Correro); and his own attorneys (Hopson and Mayers). He alleges Defendants conspired together to commit fraud and deprive him of due process by holding the hearing without giving him notice and thereafter by attempting to cover up their conduct via various fraudulent filings and abuses of the court system. (*See generally id.*) In Count 1, Fraud Upon the Court, Brown alleges that "[t]he Court initiated a hearing without serving the proper notice upon the plaintiff. The Court issued an order from a hearing that never took place." (*Id.* at 16.) In Count 2, Theft of Property, Brown alleges that the "Court of Appeals issued a refund check" to his lawyer for $1,322 "for the payment of appeal filings fees which the Plaintiff paid in full. The Plaintiff never received this money and the check was cashed by someone representing the Hopson Law Group." (*Id.*) Brown requests "return of all assets, compensation for loss of revenue, return of all attorney fees, and compensation for pain and suffering in the total amount of $5 million dollars." (*Id.*)

In his amended complaint,[1] Brown further alleges that his attorney, Mayers, was found by the Mississippi Bar to have "lied about the emails and knowledge of the court date," and he

[1] As noted by Defendants, Brown's amended complaint makes no reference to many of the Defendants and allegations in his original complaint. Typically, "when plaintiff files [an] amended complaint, [the] new complaint supersedes all previous complaints and controls [the] case from that point forward." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Nevertheless, based on the liberal pleading standard afforded *pro se* plaintiffs, the Court construes Brown's amended complaint (ECF No. 30) together with the original complaint (ECF

attaches a letter purporting to enclose a copy of an opinion ordering a public reprimand of Mayers. (ECF No. 30, at 2; ECF No. 30-1.)

According to Defendants, the Mississippi Case was remanded to the Chancery Court after an appeal and remains pending. (*See, e.g.*, ECF No. 43, at 4.)

## PROPOSED CONCLUSIONS OF LAW[2]

### I. Standard of Review for Failure to State a Claim

To determine whether the complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly

---

No. 1) in evaluating Defendants' motions. *See Minner v. Shelby Cnty. Gov't*, No. 2:17-cv-02714-JPM-cgc, 2018 WL 4762136, at *4 (W.D. Tenn. Oct. 2, 2018) (citing *Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017), for the proposition that "[i]t is apparent to the Court that [the plaintiff] likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her relief. . . . In light of the lenient standards afforded to *pro se* litigants at the pleading stage, the Court will construe the Complaints together rather than require additional amendment."); *Leggett v. W. Express Inc.*, No. 3:19-cv-00110, 2020 WL 1161974, at *1 n.1 (M.D. Tenn. Jan. 6, 2020), *report and recommendation adopted*, *sub nom. Leggett v. W. Express Inc*, No. 3:19-cv-00110, 2020 WL 1158140 (M.D. Tenn. Mar. 10, 2020) (citations omitted) (same); *Burns v. Helper*, No. 3:18-cv-01231, 2019 WL 5987707, at *1 n.1 (M.D. Tenn. Oct. 24, 2019), *report and recommendation adopted*, No. 3:18-cv-01231, 2019 WL 5964546 (M.D. Tenn. Nov. 13, 2019) (same).

[2] Given that Heffner, Lundy, Wells, McDowell, and Hisaw filed subsequent motions to dismiss after Brown amended his complaint, and those subsequent motions largely present (or incorporate) the same arguments raised in their initial motions, it is recommended that the initial motions (ECF Nos. 16, 18, 20) be denied as moot.

suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "When the allegations show that relief is barred by the applicable statute of limitations, dismissal is proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *G.G. Marck & Assocs., Inc. v. Peng*, 762 F. App'x 303, 307 (6th Cir. 2019) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf

of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

**II. Brown's Federal Claim**[3]

Most of the Defendants argue that Brown has failed to state a section 1983 claim because the statute of limitations has run. "In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (quoting *Eidson v. State of Tenn. Dept. of Child.'s Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)). Specifically, federal courts borrow the relevant statute of limitations from the forum state. *Davis v. Thomas*, No. 19-1558, 2020 WL 8262816, at *2 (6th Cir. Jan. 6, 2020) (citing *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009)). In Tennessee, the statute of limitations for "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" is one year. Tenn. Code Ann. § 28-3-104(a)(1)(B); *see also Thomas v. Tenn.*, 451 F. Supp. 3d 849, 860

[3] In light of the dispositive nature of the findings herein, the Court declines to reach Defendants' other arguments for dismissal.

(W.D. Tenn. 2020). In terms of accrual, at the latest,[4] "the limitations period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action," based on events that "should have alerted the typical lay person to protect his or her right." *Thomas*, 451 F. Supp. 3d at 860 (quoting *Eidson*, 510 F.3d at 635).

Brown's section 1983 claim centers on his allegations that that the Chancery Court held a hearing in the Mississippi Case without giving him proper notice (or that the hearing never took place at all) and entered an order memorializing its decision in that purported hearing on August 2, 2018. (ECF No. 1, at 3, 10.) Brown alleges that he learned of the hearing via a motion dated November 9, 2018, filed by Ms. Brown: "This is when I discovered that the hearing had been set for July . . . and she informed me that I missed the July 31st appearance. I informed her I did not know about the hearing on this date. She stated that she had won the order for me to give her 'her' money." (*Id.* at 11.) "As a result," Brown alleges he "ha[d] to hire and pay someone else to help me solve this matter which was Attorney Hopson." (*Id.*) He further alleges that Hopson filed a notice of appearance on January 22, 2019. (*Id.*)

These allegations make clear that Brown knew, at some point before January 22, 2019, the date of Hopson's appearance, that a hearing had occurred without notice, as Brown alleges he hired Hopson to help him resolve the issue. Even liberally construing Brown's allegations, he does not plausibly allege that he only discovered his claims within a year of his filing date on January 20, 2023. Brown's section 1983 claim arising from the missed hearing therefore

---

[4] The Sixth Circuit has questioned whether, instead of this discovery rule, accrual should instead be governed by the "standard" rule, which provides that the limitations period begins "'when the plaintiff has a complete and present cause of action' that can be raised in court." *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, – U.S. –, 140 S. Ct. 355, 360 (2019)). Because Brown's claims are untimely even under the more forgiving discovery rule, resolution of this inquiry is unnecessary in this case.

accrued, at the latest, on January 22, 2019, yet he did not file the complaint in this matter until nearly three years beyond the one-year statute of limitations. The section 1983 claim is therefore untimely and should be dismissed.

**III. Brown's Theft Claim**

The Court lacks jurisdiction over Brown's claim for theft stated in Count 2. (*See* ECF No. 1, at 16.) That claim appears factually distinct from Brown's other allegations and instead focuses only on Hopson's firm's alleged failure to refund him appellate filing fees of $1,322.00. (*Id.* ("This constitutes theft of property because this money was deemed to be returned to the Plaintiff.").) The Court lacks diversity jurisdiction under 28 U.S.C. § 1332 over this state-law theft claim, as the statute's $75,000 amount-in-controversy requirement is not satisfied.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over claims if it has dismissed all claims over which it has original subject matter jurisdiction. *Moses v. Gardner*, No. 14-cv-02706-SHL-dkv, 2016 WL 11249025, at *16 (W.D. Tenn. Oct. 11, 2016), *report and recommendation adopted*, 2017 WL 1364977 (W.D. Tenn. Apr. 12, 2017), *aff'd*, No. 17-5497, 2017 WL 9251805 (6th Cir. Nov. 9, 2017); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)). Because dismissal of Brown's federal claim is recommended, it is further recommended that the Court decline to exercise supplemental jurisdiction over his state-law claim. *See Tallent v. Knight*, No. 22-5126, 2022 WL 18862074, at *2 (6th Cir. Sep. 7, 2022) ("The district court declined to exercise supplemental jurisdiction over the [plaintiff's] state-law claims, reasoning that they were subject to dismissal because all of her federal claims were

dismissed. If a district court dismisses a plaintiff's federal claims, it is not required to exercise jurisdiction over her state-law claims.") (citations omitted).

**ORDER ON BROWN'S MOTIONS**

In light of the above recommendation, Brown's motion for stay and motion for discovery (ECF Nos. 13, 14) are denied without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court RECOMMENDS that the initial motions to dismiss filed by Heffner, Lundy, Wells, McDowell, and Hisaw (ECF Nos. 16, 18, 20) be DENIED AS MOOT; that the remaining motions to dismiss (ECF Nos. 35, 39, 40, 42, 44) be GRANTED; and that Brown's claims be dismissed in their entirety. It is further ORDERED that Brown's motion for stay (ECF No. 13) and motion for discovery (ECF No. 14) are DENIED WITHOUT PREJUDICE.

Respectfully submitted this 31st day of August, 2023.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.