```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

|   |   |
|---|---|
| GREG BROWN, | ) |
|  | ) |
|     Plaintiff, | ) |
|  | )  No. 2:23-cv-02027-SHM-atc |
| v. | ) |
|  | ) |
| OFFICERS OF THE DESOTO COUNTY | ) |
| MISSISSIPPI CHANCERY COURT; | ) |
| JUDGE MITCHELL M. LUNDY; | ) |
| MISTY HEFFNER; KIMBERLY | ) |
| MCDOWELL; DEREK D. HOPSON; | ) |
| JERRY HISAW; ELIZABETH PAIGE | ) |
| WILLIAMS; MELANIE WELLS; | |
| BRANDIE CORRERO; URURA W. | |
| MAYERS, | |
|  | |
|     Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND REQUIRING PLAINTIFF TO SHOW GOOD CAUSE FOR FAILING TO SERVE URURA W. MAYERS**

Before the Court is the Report and Recommendation (the "Report") filed by United States Magistrate Judge Annie T. Christoff on August 31, 2023. See ECF No. 46. In the Report, the Magistrate Judge recommends that the motions to dismiss filed by eight of the nine defendants be granted. See ECF Nos. 35, 39, 40, 42, 44.[1] Those defendants are Judge Mitchell M. Lundy, Misty Heffner, Kimberly McDowell, Derek D. Hopson, Jerry Wesly Hisaw, Elizabeth Paige Williams, Melanie Wells, and

---

[1] Five of those defendants submitted motions to dismiss before Plaintiff Brown filed an amended complaint. The Magistrate Judge recommends that those earlier motions to dismiss be denied as moot. See ECF Nos. 16, 18, 20.

Brandie Correro. The Magistrate Judge further recommends that Plaintiff Greg Brown's motion for stay, see ECF No. 13, and motion for discovery, see ECF No. 14, be denied without prejudice.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). No objections to the Report have been filed, and the time for filing objections expired on September 14, 2023. See id.

A district court is not required to review "any issue" in a magistrate judge's report "that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985). See also Fed. R. Civ. P. 72(b) advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); Saidak v. Schmidt, 501 F. Supp. 3d 577, 579 (E.D. Tenn. 2020). There is no clear error on the face of the record.

The Court ADOPTS the Report in its entirety. The motions to dismiss Defendants Judge Mitchell M. Lundy, Misty Heffner, Kimberly McDowell, Derek D. Hopson, Jerry Wesly Hisaw, Elizabeth Paige Williams, Melanie Wells, and Brandie Correro are GRANTED,

see ECF Nos. 35, 39, 40, 42, 44, and the action against those defendants is DISMISSED. The initial motions to dismiss filed by Defendants Lundy, Heffner, McDowell, Hisaw, and Wells are DENIED AS MOOT. See ECF Nos. 16, 18, 20. Plaintiff Brown's motion for stay, see ECF No. 13, and motion for discovery, see ECF No. 14, are DENIED WITHOUT PREJUDICE.

As the Report recognizes, nothing in the record shows that Defendant Urura W. Mayers has been served. Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff Brown filed his amended complaint on March 10, 2023. See ECF No. 30. The 90-day period has passed, and no return of service has been made as to Defendant Mayers.

Before the Court can dismiss a case for lack of service, Rule 4(m) requires it to provide "notice to the plaintiff." In an unpublished opinion, the Sixth Circuit has interpreted this to mean that a court must provide a plaintiff with "notice of dismissal and an opportunity to show good cause for his failure to effect service."[2] Reynosa v. Schultz, 282 F. App'x. 386, 391–

---

[2] Rule 4(m) requires the Court to "extend the time for service for an appropriate period" if a "plaintiff shows good cause for" failing to serve a defendant within the 90-day service period.

94 (6th Cir. 2008). See also Messner v. Hickman Cnty., No. 11-0059, 2012 WL 2325548, at *1 (M.D. Tenn. June 19, 2012); Moore v. Mich. Dep't of Corr., No. 10-13148, 2011 WL 1595069, at *3 (E.D. Mich. Mar. 23, 2011). Plaintiff is ORDERED to show good cause for failing to timely serve Urura W. Mayers. Failure to do so within fourteen (14) days will result in the dismissal of this action against Mayers pursuant to Federal Rule of Civil Procedure 4(m).

So ordered this 22nd day of September, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE